# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:04CR00050 |
| v. ) | **OPINION** |
| ) | |
| **LARRY ANTHONY CLYBURN,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Larry Anthony Clyburn, Pro Se Defendant.*

This matter is before the court on the defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012) and the United States' motion to dismiss the § 2255 motion as untimely filed. After review of the record and the parties' submissions, I find that the United States' motion must be granted as to all claims except one, but that Clyburn's § 2255 motion must nevertheless be summarily dismissed without prejudice as to the one claim, because the issue raised is not properly reviewable under § 2255.

I

Larry Anthony Clyburn was charged in this court by Superseding Indictment with various methamphetamine manufacturing offenses (Counts One through Five); using, carrying, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West 2006) (Count Six); and possessing a firearm as an unlawful user of a controlled substance, in violation of 18 U.S.C.A. § 922(g)(3) (West Supp. 2012) (Count Seven). Following a two-day trial, a jury found Clyburn guilty on all seven counts. Thereafter I granted Clyburn's Motion for Judgment of Acquittal as to Count Six, finding insufficient evidence that he possessed the firearm in furtherance of any of the trafficking offenses. *United States v. Clyburn*, No. 1:04CR00050, 2005 WL 1025395, at *3 (W.D. Va. May 3, 2005). I sentenced Clyburn on May 10, 2005, to concurrent terms of 97 months as to each of Counts One, Two, Three, Four, Five, and Seven.

The government appealed and the court of appeals reversed and remanded for reinstatement of the jury's verdict of guilty on Count Six. *United States v. Clyburn*, 181 F. App'x 343, 347 (4th Cir.) (unpublished), *cert. denied*, 549 U.S. 933 (2006). Pursuant to the remand, I resentenced Clyburn on September 11, 2006, to concurrent terms of 97 months as to Counts One through Five and Seven and a statutory mandatory minimum consecutive term of 60 months as to Count Six, for a total of 157 months in prison, and a four-year term of supervised release.

Clyburn appealed the amended sentence, and the Fourth Circuit affirmed. *United States v. Clyburn*, 247 F. App'x 418 (4th Cir. 2007) (unpublished). No petition for a writ of certiorari was filed with the Supreme Court.

On February 20, 2009, Clyburn filed a petition for a writ of habeas corpus under 28 U.S.C.A. § 2241 (West 2006) in the United States District Court for the Southern District of West Virginia, which he signed and dated February 9, 2009. *Clyburn v. Berkebile*, No. 5:09-cv-00155 (S.D.W.Va.). In his § 2241 petition, Clyburn alleged that his convictions were invalid because of an illegal custodial interrogation, insufficient evidence, prosecutorial misconduct, and entrapment.

A magistrate judge of the Southern District of West Virginia considered Clyburn's petition and issued Proposed Findings and Recommendation on August 3, 2010, finding that the Clyburn's claims were properly construed as a § 2255 motion; that the court had no jurisdiction to address his claims under § 2255; that transfer of the action to the sentencing court was not warranted because Clyburn's claims were untimely under § 2255(f)(1); and that Clyburn had not demonstrated any ground upon which the West Virginia court could consider his claims under § 2241. Based on these findings, the magistrate judge recommended dismissal of the § 2241 petition.

A district judge of the Southern District of West Virginia adopted the findings contained in the report, but declined to adopt the recommendation of

immediate dismissal. *Clyburn v. Berkebile*, No. 5:09-cv-00155, 2010 WL 5067973 (S.D.W. Va. Dec. 7, 2010). Instead, the district judge directed Clyburn to either object to the court's construction of his § 2241 petition as a § 2255 motion or elect to proceed with a § 2255 motion and to provide any additional information regarding the timeliness of his claims under § 2255(f).[1]

Clyburn wrote to the district judge on March 17, 2011, indicating that he did not object to construction of his § 2241 petition as a § 2255 motion. In this letter, filed by the court on April 5, 2011, Clyburn related events that had occurred after he filed the § 2241 petition. Clyburn had been released from prison to a halfway house, gotten a job, and became engaged to be married, with a wedding scheduled for June 2011. In mid-February 2011, Clyburn received the court's December 7, 2010, letter. Clyburn "felt that [the sentencing judge] had done something special for [him] being that he dismissed the gun charge to begin with, and [Clyburn] believed it would be in [his] best interest not to question" the sentencing judge's decision. Because Clyburn "thought that [his] time was done," he did not respond to the district judge's order within 20 days as directed. (ECF No. 10, at 1.) Thereafter, while in the halfway house, Clyburn was informed that the Bureau of

---

[1] *See United States v. Blackstock*, 513 F.3d 128, 131 (4th Cir. 2008) ("[A] district court may not recharacterize a prisoner's filing as a § 2255 petition without notifying the prisoner of its intent to recharacterize the motion, warning the prisoner of the effects of recharacterization, and giving the prisoner an opportunity to withdraw or amend his motion.").

Prisons had overlooked his reinstated 60-month sentence on Count Six. He was returned to prison to serve that remaining time on February 24, 2011.

In light of Clyburn's letter, the magistrate judge directed that the case be transferred to this court for disposition. *Clyburn v. Berkebile*, No. 5:09-0155, 2011 WL 3924240, at *2 (S.D.W.Va. Sept. 7, 2011). Although the case was initially docketed in this court as a § 2241 petition, Case No. 7:11CV00426, I entered an order recharacterizing it as a § 2255 motion in his original criminal case. I also granted Clyburn's requests for leave to amend his claims.

Clyburn signed and dated his Amended § 2255 Motion on October 22, 2011, alleging the following grounds for relief: (1) The drug quantity attributed to him was based upon a false confession made without benefit of counsel; (2) There was inadequate evidence to reinstate the § 924(c) charge; (3) Count Seven was added outside the required 30-day period following arrest; (4) The "[f]alse endangerment charge [was] unlawfully added by government beyond 30-day limit"; (5) "[The defendant's] release from prison and subsequent return to prison absent new crime or infraction violate[d his] due process right of crystallized expectation of freedom and finality of punishment"; and (6) Ineffective assistance of counsel.[2] (ECF No.

---

[2] In Claim (6) of the amended § 2255 motion, Clyburn alleges several instances of ineffective assistance. First, Clyburn alleges that his trial counsel should have moved to suppress the confession on the ground that officials' custodial interrogation was unconstitutional, and should have objected to the calculation of the drug amount. After the remand and resentencing on Count Six, the Fourth Circuit appointed another attorney,

297, at 1.) The United States moved for dismissal of the Amended § 2255 Motion as untimely under § 2255(f). Clyburn has responded to the Motion to Dismiss, making it ripe for disposition.

II

A

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

Barry Proctor, to represent Clyburn on appeal. Clyburn alleges that Proctor was ineffective because he failed to investigate viable appellate issues and "filed an *Anders* brief to the severe detriment" of Clyburn's appeal, and failed to notify Clyburn of the Fourth Circuit's opinion affirming the resentencing judgment. Clyburn asserts that Proctor's deficiencies resulted from "counsel's admitted difficulties and physical deficiencies during that period of time as [a] result of his battle with rectal cancer." (ECF No. 297, at 2.)

28 U.S.C.A. § 2255(f). Under § 2255(f)(1), "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003).

The judgment that Clyburn challenges was entered on September 11, 2006, after the resentencing proceeding. The Fourth Circuit affirmed this judgment on September 18, 2007, and when Clyburn failed to file a petition for a writ of certiorari within 90 days thereafter, on December 17, 2007, his conviction became final for purposes of § 2255(f)(1). *Clay*, 537 U.S. at 525. Clyburn then had one year to file a timely § 2255 motion regarding that judgment. Clyburn did not sign and date his § 2241 petition (later construed as his § 2255 motion) until February 9, 2009, outside the one-year limitation period under § 2255(f)(1).

I find that the majority of Clyburn's § 2255 claims were untimely filed under § 2255(f). It is clear from the record that at the time of trial, or before his conviction became final on December 17, 2007, Clyburn knew all the facts necessary to bring Claims (1) through (4) and all the subsections of Claim (6) of

his amended § 2255 motion.[3] Thus, Clyburn has no argument that he filed these claims within the time limit as defined in § 2255(f)(1) or (4). Clyburn does not argue that any of these claims are based on new Supreme Court precedent or that any government-created impediment prevented him from bringing these claims in a timely manner, as required to invoke the limitations period as defined under § 2255(f)(2) or (3). Therefore, I find that Clyburn's claims (1) through (4) and (6) are untimely filed under § 2255(f). I will address separately the issue of possible equitable tolling of the limitations period as to these claims.

Clyburn asserts that he could not have known the facts necessary to bring Claim (5) until authorities detained him in February 2011 to serve the remainder of his federal sentence. The United States does not argue that with due diligence,

---

[3] Claims (1) through (4) are those Clyburn alleged in his original § 2241 petition. Clyburn attaches to his amended § 2255 motion a copy of an inquiry he wrote to the Virginia State Bar about Proctor, dated December 17, 2007, in which he stated: "I was never notified by Mr. Proctor that my appeal was denied by the [Fourth Circuit]. In fact, I was first notified by a paralegal service. . . . Mr. Proctor has never replied to the letter, enclosed, to him that I would like to appeal my case to the next level. . . ." (ECF No. 297, at 16-17.) The letter "enclosed" with Clyburn's Bar inquiry was dated October 2, 2007; it asks Proctor questions about proceeding to the next level of appeal and mentions Clyburn's intention to obtain new counsel, if Proctor cannot represent him at the Supreme Court. (ECF No. 297, at 18.) Clyburn also explains this sequence of events in his "Motion for Clarification and Declaratory Judgment" (ECF No. 301, at 2), which the court construed and granted as a motion to amend. These documents indicate that Clyburn knew by October 2, 2007, at the latest, that his appeal had concluded on September 17, 2007.

Although Clyburn complained in the Bar inquiry about Proctor's failure to communicate with him about pursing a certiorari petition, Clyburn does not include any such claim against Proctor in the amended § 2255 motion. In any event, such a claim would also be untimely filed.

Clyburn could or should have known of the BOP's actions — its mistake in releasing him early or its decision to correct this mistake by reincarcerating him — until the latter of these events actually occurred.[4]  Clyburn added Claim (5) to his petition in the amended § 2255 motion submitted in October 2011, well within one year of his February 2011 discovery of the necessary facts for that claim.  Thus, Claim (5) is timely filed under § 2255(f)(4).[5]  I will deny the Motion to Dismiss as to Claim (5).

B

The statutory limitations period under § 2255(f), like its sister statute in 28 U.S.C. § 2244(d), may be tolled for equitable reasons.  *See, e.g., United States v. Prescott*, 221 F.3d 686 (4th Cir. 2000) (applying to equitable tolling to § 2255 motion); *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (finding that § 2244(d) is subject to equitable tolling).  The defendant must establish two elements: "(1)

---

[4] Clyburn states that when BOP officials released him after he completed the sentence on his drug offense, he believed that his § 2241 petition must have been granted so as to vacate the five-year sentence on the § 924(c) conviction.  While this assumption might be characterized as unreasonable under the circumstances, I will not raise, sua sponte and without facts in support, the defense that Clyburn was not duly diligent for purposes of § 2255(f)(4) merely because he did not discover earlier that his release was an error.

[5] Clyburn asserts that his release from prison and reincarceration on the same criminal judgment after a period of freedom somehow "reinvigorated his right to redress" under § 2255 and started the one-year time clock running anew as to all his § 2255 claims.  (ECF No. 303, at 2.)  I find no merit to this argument.  Clyburn fails to demonstrate that any of these events alters in any way the application of § 2255(f) to Claims (1)-(4) and (6).

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). Any resort to equity must be reserved for "those rare instances where — *due to circumstances external to the party's own conduct* — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008) (emphasis added) (internal quotation marks and citations omitted). The petitioner has the burden to show entitlement to equitable tolling. *Holland*, 130 S. Ct. at 2562.

Clyburn asserts that prior court orders, in West Virginia and here, have already ruled that Clyburn's otherwise time-barred claims must be addressed on the merits. I find no such ruling in any of the orders entered in the West Virginia court, and I have made no such ruling. The mere fact that neither court summarily dismissed Clyburn's § 2255 motion as untimely under § 2255(f) and Rule 4 of the Rules Governing § 2255 Proceedings does not constitute a finding that Clyburn's § 2255 motion survives the United States' Motion to Dismiss on that ground. *See, e.g., Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a habeas petition).

As discussed, within the one-year time period after his conviction became final on December 17, 2007, Clyburn knew the factual basis for Claims (1) through (4) and (6), raising constitutional challenges to the conviction and appeal. Clyburn waited to raise any habeas challenge to his convictions until February 2009, when he filed his § 2241 petition, two months after the one-year filing period for § 2255 claims had expired in December 2008.

In his response to the Motion to Dismiss, Clyburn fails to state facts demonstrating that he was prevented from filing a timely § 2255 motion. In earlier submissions, Clyburn vaguely asserts that attorney Proctor's illness and resulting deficiencies in his legal work caused Clyburn's default of his § 2255 claims. It is well established that mere "attorney negligence is not an extraordinary circumstance warranting equitable tolling." *Holland*, 130 S. Ct. at 2566. The rationale for this principle is that habeas counsel's mistakes, including counsel's inadvertent failure to file a timely habeas petition, are "constructively attributable to the client," particularly in the postconviction context when a defendant has no constitutional right to assistance by counsel. *Id.* Thus, Clyburn's allegations of deficient representation do not present grounds for equitable tolling.

A narrow exception to the general rule exists where "the missed deadline results from attorney misconduct that is not constructively attributable to the

petitioner." *Id.* at 2568. Clyburn makes one allegation that arguably could fall within this exception — that Proctor

> refused to file either an appeal to the Supreme Court or a [§ 2255 motion] when requested to do so by [Clyburn] and later claimed to the [Bar] that it was due to a battle with cancer, which was never advised to [Clyburn], nor was any effort made to find other counsel to assist in his absence.

(ECF No. 294, at 2 n.1.) Although granted ample opportunity to justify his delay in filing a § 2255 motion, Clyburn fails to describe how or when he asked Proctor to file a § 2255 motion or whether he ever paid Proctor to do so.[6] Clyburn also states no facts suggesting that his failure to file a timely § 2255 motion on his own or through other counsel was based on any reasonable belief that Proctor would file a § 2255 motion on his behalf. Thus, Clyburn fails to carry his burden to show that counsel's alleged abandonment prevented him from filing a timely § 2255 motion raising the issues in Claims (1)-(4) and (6).

Clyburn also fails to show that his mistaken release from prison and subsequent reincarceration on his valid criminal sentence provide grounds for equitable tolling of the limitation period as to his untimely filed claims. His release to a halfway house in February 2010, and his release from incarceration in

---

[6] Clyburn states that in response to the Bar complaint, Proctor advised Bar officials that his cancer surgery and chemotherapy had affected his work schedule in January 2008 and several months thereafter. (ECF No. 297, at 11-12.) Clyburn does not provide the dates on which he wrote to the attorney or the responses he received, if any, from Proctor or his office staff.

November of that year both occurred long after the expiration of the one-year filing period under § 2255(f)(1) on December 2008. Moreover, Clyburn does not state facts demonstrating that his release from prison prevented him in any way from pursuing the § 2241 petition challenging the judgment. Clyburn's assertion that his release itself made him hesitant to pursue his habeas claims contravenes the due diligence element of the equitable tolling analysis.

For the stated reasons, Clyburn's Claims (1) through (4) and (6) are untimely, and he has failed to demonstrate grounds for equitable tolling.

III

In Claim (5) of his amended § 2255 motion, which I find to be timely filed under § 2255(f)(4), Clyburn asserts that his reincarceration in February 2011, without a new criminal violation, violated his constitutional right to due process. The United States expressly reserved its right to argue the merits of any claim I found to be timely filed. From the record, however, I conclude that Clyburn's Claim (5) must be summarily dismissed without prejudice.

As an initial matter, this claim is not properly presented as a § 2255 claim. Under § 2255, a prisoner in federal custody may raise four types of challenges to the criminal judgment: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction

to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27 (1962).

Clyburn's mistaken release and reincarceration — the violative actions he asserts in Claim (5) — do not give rise to any claim that Clyburn was deprived of constitutional rights during the criminal proceedings, that the court was without jurisdiction, or that the sentences as imposed exceeded the statutory maximum. Nor does Claim (5) present any other ground for collateral attack of the sentences as imposed. Rather, the actions alleged in Claim (5) implicate the lawfulness of the manner in which BOP officials executed Clyburn's § 924(c) sentence. Sentence execution claims are not actionable under § 2255. *United States v. Snow*, 748 F.2d 928, 933-34 (4th Cir. 1984) (finding that to contest execution of sentence, appropriate remedy is to file habeas corpus petition in the district of confinement). Thus, I cannot address Claim (5) under § 2255 and will dismiss this claim without prejudice.[7]

---

[7] When a defendant seeks judicial review of the execution of his sentence, rather than the legality of the sentence itself, the appropriate remedy is a § 2241 habeas filed against the warden of the prison facility in the district where the defendant is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 447, 434 n.7 (2004). Clyburn is currently confined at a federal prison facility in West Virginia. Because this court thus does not have personal jurisdiction over Clyburn's current custodian — the warden of that facility — I do not find it appropriate to construe Clyburn's Claim (5) as a § 2241 petition. My dismissal of Claim (5) without prejudice, however, leaves Clyburn free to pursue a § 2241 petition in the district court in West Virginia.

IV

In conclusion, I will grant the Motion to Dismiss Claims (1), (2), (3), (4), and (6) of the amended § 2255 motion as untimely filed, but deny the Motion to Dismiss as to Claim (5). I will deny relief as to Claim (5) as presented under § 2255, and dismiss this claim without prejudice.

A separate Final Order will be entered herewith.

DATED: January 8, 2013

/s/ James P. Jones
United States District Judge